### DeVault
### v.
### DeVault
*[Cite as 2 AOA 252]*

*Case No. 24-CA-89*
*Fairfield County, (5th)*
*Decided March 19, 1990*

*Art. IV, Section 3(B)(1) O. Const.*
*R.C. 2323.51*
*R.C. 3105.18*
*R.C. 3105.65*
*R.C. 5307.01*
*R.C. 5307.21*

For Plaintiff-Appellant, Randy L. Happeney, Dagger, Johnston, Miller, Ogilvie & Hampson, 144 East Main, Street, P.O. Box 667, Lancaster, Ohio 43130.

For Defendant-Appellee, Martha A. Rose, Huddle & Rose Co., L.P.A., 309 East Main Street, Lancaster, Ohio 43130.

PUTMAN, P.J.

This is an appeal from a judgment of the Court of Common Pleas of Fairfield County, Ohio, sustaining the defendant-appellee's (appellee) Motion to Dismiss the plaintiff-appellant's (appellant) complaint for partition or, in the alternative for Summary Judgment.[1] Appellant also appeals from the trial court's judgment awarding appellee attorney's fees in the amount of $984.

Appellant raises the following assignments of error on appeal:

## I.
THE TRIAL COURT ERRED AS A MATTER OF LAW IN SUSTAINING DEFENDANT'S MOTION TO DISMISS/MOTION FOR SUMMARY JUDGMENT IN THAT PLAINTIFF'S COMPLAINT FOR PARTITION, BASED UPON WASTE (R.C. §5307.21), STATED A VALID CLAIM UPON WHICH RELIEF COULD BE GRANTED. SAID COMPLAINT, AS FRAMED BY PLEADINGS, WAS NOT A COLLATERAL ATTACK UPON THE PRIOR DISSOLUTION DECREE OF THE PARTIES AND WAS NOT, THEREFORE, JURISDICTIONALLY PROSCRIBED.

## II.
THE TRIAL COURT ERRED AS A MATTER OF LAW IN SUSTAINING DEFENDANT'S MOTION FOR ATTORNEY'S FEES, PURSUANT TO R.C. § 2323.51 (B) FOR THE REASON THAT PLAINTIFF'S COMPLAINT FOR PARTITION WAS WELL FOUNDED UNDER EXISTING LAW OR SUPPORTED BY A GOOD FAITH ARGUMENT FOR EXTENSION OF EXISTING LAW.

## III.
THE TRIAL COURT ERRED IN AWARDING DEFENDANT ATTORNEY'S FEES IN THE AMOUNT OF $984.00, IN THAT SAID AMOUNT WAS NOT REASONABLE BASED UPON THE EVIDENCE AT THE HEARING HELD IN THIS MATTER ON JUNE 23, 1989 AND THE RECORD.

For the reasons stated below, appellant's assignments of error are sustained. We exercise our original jurisdiction upon review to enter a defendant's judgment.

On September 20, 1982, the parties were granted a dissolution. The separation agreement that was incorporated into the decree of dissolution contained the following provision regarding the parties' family home:

"7. Division of Property:

"(A) *Real Property:* Wife is to have the occupancy of the family home until the youngest child residing in the home is 18, if the wife dies, remarries, or permanently cohabits with a male individual at which time the house will be sold and the proceeds of the sale after expenses of the sale will be divided evenly between the parties. Husband shall be responsible for the house payment on the residence property for the first six months immediately following the date of the dissolution of this marriage. After six months, the wife shall be responsible for making said house payments. Husband and Wife shall equally divide the house insurance and the property taxes when each becomes due."

Pursuant to this provision of the parties' separation agreement, appellant has an undivided one-half interest in the family home. Appellant believed that appellee was allowing the family home to deteriorate and fall into a state of disrepair, thereby causing the family home to decrease in value.

On March 9, 1989, appellant filed a Complaint for Partition of the family home pursuant to R.C. 5307.01 *et seq.*

R.C. 5307.01 provides:

"Tenants in common, survivorship tenants, and coparceners, of any estate in lands, tenements, or hereditaments within the state, may be compelled to make or suffer partition thereof as provided in sections 5307.01 to 5307.25 of the Revised Code."

R.C. 5307.03 provides in pertinent part:

"A person entitled to partition of an estate may file his petition therefor in the court of common pleas, setting forth the nature of his title, a pertinent description of the lands, tenements, or hereditaments of which partition is demanded, and naming each tenant in

common, coparcener, or other person interested therein, as defendant."

R.C. 5307.21 provides in pertinent part:

"One coparcener may maintain an action of waste against another coparcener."

Appellee then filed her Motion to Dismiss pursuant to Civ. R. 12 (B) (1) (lack of jurisdiction over the subject matter), and 12 (B) (6) (failure to state a claim upon which relief can be granted), or in the alternative, Summary Judgment pursuant to Civ. R. 56. Appellee's primary contention was that appellant could not collaterally attack the dissolution decree by the partition action. An oral hearing was held on appellee's motion. Ruling from the bench, the court sustained the motion and put on the judgment entry appealed from. Appellant also appeals from the judgment entry dated July 11, 1989, whereby the trial court sustained appellee's motion for attorney's fees pursuant to R.C. 2323.51.

We turn now to the assignments of error.

### I

In his first assignment of error, appellant argues that his Complaint for Partition based upon waste stated a valid claim upon which relief could be granted and the trial court's dismissal of the complaint based on Civ. R. 12 (B) (6) was erroneous. We agree. On its face, the Complaint for Partition states a cause of action and complies with the statutory requirements for a complaint for partition set out in R.C. 5307.03, *supra*. Whether appellant can prove his cause of action is a different issue, but under modern rule pleading appellant's complaint states a claim for relief.

Moving on to the separate complaint that it was error for the trial court to dismiss appellant's complaint pursuant to Civ. R. 12 (B) (1), lack of jurisdiction over the subject matter, we agree. Common Pleas Courts have jurisdiction in partition. R.C. 5307.01 *et seq.*

In the trial court, in his appellate brief, and during oral argument, appellant argued that although nothing in the decree of dissolution expressly prohibits waste, the decree contains an implied prohibition against waste. Appellee contends that if an implied prohibition against waste exists in the dissolution decree this gives rise to appellant's right to file a contempt action in the dissolution proceeding, and separate action in partition is a collateral attack on the dissolution decree. We disagree. The ex-wife's duties arise, if at all, from the nature of the title

created by the dissolution decree. The dissolution case is over. The parties cannot continually run back to domestic relations court with their real estate title problems. They are two single people with a title to land that they created by their dissolution agreement. They are the "architects of their own continuing mortification."

Accordingly, appellant's first assignments of error is sustained.

This court now moves to the merits of the claim of waste that were fully presented to the trial court on defendant's Motion for Summary Judgment, but not decided by the court. Ohio Constitution, Article IV, Section 3 (B) (1) (f), provides that "[t]he courts of appeals shall have original jurisdiction . . . [i]n any cause on review as may be necessary to its complete determination."

We find the undisputed facts to show the claim of waste to be insubstantial. Accordingly, a final defendant's judgment upon the plaintiff's complaint for partition is here entered, and that complaint is dismissed.

### II & III

In his second and third assignments of error, appellant argues that the trial court erred in awarding appellee $984 in attorney's fees pursuant to R.C. 2323.51. In pertinent part, R.C. 2323.51 provides:

"(A) As used in this section:

"(1) 'Conduct' means filing a civil action, asserting a claim, defense, or other position in connection with a civil action, or taking any other action in connection with a civil action

"(2) 'Frivolous conduct' means conduct of a party to a civil action or of his counsel of record that satisfies either of the following:

"* * *

"(b) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.

"(B) (1) Subject to division (B) (2) and (3), (C), and (D) of this section, at any time prior to the commencement of the trial in a civil action or within twenty-one days after the entry of judgment in a civil action, the court may award reasonable attorney's fees to any party to that action adversely affected by frivolous conduct."

Upon careful review of the record, we find that appellant's filing of his Complaint for Partition did not constitute "frivolous conduct" as that term is defined in R.C. 2323.51 (A) (2)

(b). Indeed, it is apparent from the extensive review of relevant case law and statutory provisions contained in appellant's brief and in his pleadings in the proceedings below, that his position was warranted under existing law.

With respect to appellant's third assignment of error, there is sufficient evidence in the record to support the amount of $984 as reasonable attorney's fees, but because appellant's conduct was not frivolous under R.C. 2323.51 (A) (2) (b), the award of attorney's fees in any amount is erroneous.

Accordingly, appellant's second and third assignments of error are sustained.

For the foregoing reasons, a final judgment in favor of appellee is hereby entered dismissing the appellant's complaint. The judgment of the Court of Common Pleas, Fairfield County, Ohio, awarding appellee attorney's fees is reversed.

*Affirmed in part,*
*reversed in part.*

SMART, J. and
GWIN, J. Concur

_____

[1] We read the judgment entry appealed from as dismissing this cause for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction. The trial court's reference to "summary judgment" was merely a reference to the motion styled "Motion to Dismiss or for Summary Judgment" and was not a basis for its decision.